

**ORDERED in the Southern District of Florida on August 10, 2012.**

**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                                              Case No. 12-25251-AJC

JEANNETTE BRANAM                                    Chapter 13

                    Debtor.
_____/

**MEMORANDUM OPINION AND ORDER GRANTING**
**CREDITOR STAR ISLAND FINANCIAL, LLC'S**
**MOTION TO DISMISS CHAPTER 13 CASE**

THIS CAUSE came before the Court for hearing on Tuesday, July 24, 2012 at or about

9:00 a.m. (the "Hearing"), on the Motion [Doc. No. 9] (the "Motion")[1] of creditor Star Island

Financial, LLC ("Star Island Financial") for entry of an Order dismissing the above-captioned

chapter 13 case (the "Chapter 13 Case") of debtor, Jeannette Branam (the "Debtor"), pursuant to

sections 109(e) and 1307 title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the

"Bankruptcy Code").  After considering the record in this case, including the Motion, hearing

---

[1]       All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms
in the Motion.

arguments of counsel at the Hearing, and being fully advised in the premises, the Court grants the motion.

I.      **BACKGROUND**

Prior to commencing this Chapter 13 Case, the Debtor filed a petition for relief under chapter 7 of the Bankruptcy Code in this Court (the "Chapter 7 Case"), which resulted in this Court's granting of stay relief with respect to the Note, Mortgage and Property (each as defined below).[2]

On March 27, 2012, litigation with respect to the Note and Mortgage ultimately resulted in the entry of a *Final Judgment of Foreclosure* in the Circuit Court[3] in the amount of $12,511,772.81 (the "Final Judgment"), pursuant to which a foreclosure sale on the Property was scheduled for June 25, 2012 (the "Foreclosure Sale").

On June 22, 2012 (the "Petition Date"), the Debtor commenced this proceeding by filing a petition for relief under chapter 13 of the Bankruptcy Code in this Court.

On June 28, 2012, Star Island Financial filed its Motion, which seeks to dismiss this proceeding for (i) lack of jurisdiction under the eligibility requirements of section 109(e) of the Bankruptcy Code and (ii) lack of good faith. Determining dismissal to be appropriate pursuant to section 109(e), the Court need not address the issue of good faith.

Prior to the Petition Date, on June 11, 2007, the Debtor made and executed a Promissory Note in the original principal of $10,000,000.00 (the "Note") in favor of Washington Mutual

---

[2]      Specifically, on June 28, 2010, the Debtor commenced a bankruptcy proceeding pursuant to chapter 7 of the Bankruptcy Code, which was previously pending before this Court under Case No. 10-28135-AJC (the "Chapter 7 Case"). Prior to its assignment of the Mortgage to Star Island Financial (as described below), JP Morgan Chase Bank, N.A., as the previous holder of the Mortgage, filed a *Motion for Stay Relief* in the Chapter 7 Case, which resulted in this Court's *Order Granting Motion for Relief from Automatic Stay in Favor of JP Morgan Chase Bank* on September 14, 2010. See Case No. 10-28135-AJC [Doc. No. 33]. On July 11, 2011, this Court entered an *Order Discharging Debtor*. See Case No. 10-28135-AJC [Doc. No. 63].

[3]      The Circuit Court litigation is captioned *Star Island Financial v. Branam, et al.*, Case No.: 10-01614 CA 09 and is pending in the 11th Judicial Circuit in and for Miami-Dade County (the "Foreclosure Case").

Bank, N.A ("WAMU").

On June 11, 2007, the Debtor made and executed a Mortgage in favor of WAMU, securing the Note (the "Mortgage").  The Mortgage was recorded in O.R. Book 25715, Page 1589, of the Public Records of Miami-Dade County, Florida.

The Mortgage encumbers the property located at 42 Star Island Drive, Miami Beach, Florida 33139 (the "Property"), which bears the following legal description:

> Lot 42, of Star Island, according to the Plat thereof, recorded in Plat Book 5, at Page 52, of the Public Records of Miami-Dade County, Florida a/k/a Lot 42, of CORRECTED PLAT OF STAR ISLAND, according to the Plat thereof, recorded in Plat Book 31, at Page 60, of the Public Records of Miami-Dade County, Florida.

On or about September 25, 2008, WAMU, formerly known as Washington Mutual Bank, FA, was closed by the Office of Thrift Supervision and the FDIC was named receiver.  As authorized by Section 11(d)(2)(G)(i)(II) of the Federal Deposit Insurance Act,  12 U.S.C. § 1821(d)(2)(G)(i)(II), the FDIC, as receiver of WAMU, was authorized to transfer any asset or liability of WAMU without any approval, assignment, or consent with respect to such transfer. Pursuant to the terms and conditions of that certain *Purchase and Assumption Agreement* between the FDIC as receiver of Washington Mutual and JP Morgan Chase Bank, N.A. ("Chase"), dated September 25, 2008 (the "Purchase and Assumption Agreement"), Chase acquired certain of the assets, including all loans and all loan commitments, of WAMU.  As a result, on September 25, 2008, Chase became the owner of the loans and loan commitments of WAMU by operation of law.

Chase assigned the Note and Mortgage to Star Island Financial pursuant to that certain *Allonge* (the "Allonge") and that certain *Assignment of Mortgage* (the "Assignment of Mortgage"), dated November 22, 2011. The Assignment of Mortgage was recorded on

November 30, 2011 and recorded in O.R. Book 27910, Pages 3674-3675, of the Public Records of Miami-Dade County, Florida.

Consistent with the foregoing, and as reflected in the record of this case, including in the documents attached to Star Island Financial's *Motion for Relief from the Automatic Stay* [Doc. No. 25], as well as in the Debtor's Schedules [Doc. No. 19], Star Island Financial is the current owner and holder of the Note and Mortgage.

## II.    DISCUSSION

In its Motion, and in the arguments raised by its counsel on the record at the Hearing, Star Island Financial has argued that the Debtor's Chapter 13 Case must be dismissed for lack of eligibility, as the more than $12,511,772.81 that is owed by the Debtor pursuant to the Final Judgment, which is secured by the Mortgage on the Property, greatly exceeds the maximum amount of secured debt permitted in a chapter 13 case under section 109(e) of the Bankruptcy Code.

Although the Debtor previously received a discharge in the Chapter 7 Case, Star Island Financial argues that the obligation owed under the Final Judgment continues to constitute a valid secured claim in this proceeding pursuant to the Supreme Court's holding in Johnson v. Home State Bank, 501 U.S. 78, 84 (1991) (holding that "a mortgage interest that survives the discharge of a debtor's personal liability [in chapter 7] is a 'claim'" in such debtor's subsequent chapter 13 case), as also reflected in this Court's holding in Gerardin, which has applied the ruling in Johnson to hold that "the claim that exists after the Debtors' [*in personam*] chapter 7 discharge *is a secured claim*" in a subsequent chapter 13 proceeding.  In re Gerardin, 447 B.R. 342, 346 (Bankr. S.D. Fla. 2011) (emphasis added).

The Debtor has not filed a written response to the Motion. At the Hearing, however, counsel to the Debtor challenged the position adopted by Star Island Financial on the grounds that eligibility for relief under section 109(e) of the Bankruptcy Code is premised on the existence of "debts" not "claims" and that, because the Debtor no longer has *in personam* liability for amounts owed under the Note and Mortgage, the "claim" that arises from those obligations cannot be considered in determining whether the Debtor meets the eligibility requirements under section 109(e) of the Bankruptcy Code. The Debtor has relied exclusively on the decision in <u>Cavaliere v. Sapir</u>, 208 B.R. 784 (D. Conn. 1997), as support for the proposition that a discharged mortgage debt (over which a debtor does not have any remaining *in personam* liability) cannot be considered in determining the amount of "debt" owed by a debtor in a subsequent chapter 13 proceeding.

As explained below, this Court disagrees with the Debtor's overly expansive characterization of the holding in <u>Cavaliere</u>, as well as with the more general conclusion that the amounts owed to Star Island Financial are not "debts" under section 109(e) of the Bankruptcy Code.

Section 109(e) of the Bankruptcy Code provides that "[o]nly an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured **debts** of less than $360,475 and noncontingent, liquidated, secured **debts** of less than $1,081,400 . . . may be a debtor under chapter 13 of this title." 11 U.S.C. § 109(e) (emphasis added).

Section 101(12) of the Bankruptcy Code provides that the term "debt" means "liability on a claim." 11 U.S.C. § 101(12). The Debtor adopts the position, through citation to <u>Cavaliere</u>, that, as a result of her discharge in the Chapter 7 Case, the Debtor has no remaining *in personam*

liability on the claim asserted by Star Island Financial, and, as such, owes no remaining "debt" on account of the Note and Mortgage.

While the foregoing may be generally accurate outside of bankruptcy, the Debtor has failed to address the bankruptcy issue that the term "debt" includes liability on a "claim," whether such liability is *in personam* or *in rem*.  Specifically, section 101(5) of the Bankruptcy Code defines "claim" expansively as including:

> (A) **right to payment**, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
>
> (B) **right to an equitable remedy** for breach of performance if such breach gives rise to a right to payment, **whether or not such right to an equitable remedy is** reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, **secured, or unsecured**.

11 U.S.C. § 101(5) (emphasis added).

While the Debtor no longer has any *in personam* liability with respect to the obligations under the Note and Mortgage, the lien rights on the Debtor's Property survived the Debtor's discharge in the Chapter 7 Case.  As this Court has previously noted, in <u>Johnson</u>, "the Supreme Court ruled that a creditor with an obligation secured by a lien on a debtor's property, but which creditor has no *in personam* claim against a debtor due to a prior bankruptcy discharge, nonetheless has a claim against a debtor in a subsequent chapter 13 case." <u>In re Gerardin</u>, 447 B.R. 342, 346 (Bankr. S.D. Fla. 2011) (Judges Mark, Isicoff and Cristol) (citing <u>Johnson v. Home State Bank</u>, 501 U.S. 78, 84 (1991)).  Based on the foregoing, this Court has ruled "that the claim that exists after the Debtors' chapter 7 discharge is a secured claim." <u>Id.</u>  Indeed, as noted by the Court in <u>Johnson</u>:

> Even after the debtor's personal obligations have been extinguished, the creditor still retains a "right to payment" in the

6

> form of its right to the proceeds from the sale of the debtor's property. Alternatively, the creditor's surviving right to foreclose on the mortgage can be viewed as a "right to an equitable remedy" for the debtor's default on the underlying obligation. Thus, a bankruptcy discharge extinguishes only one mode of enforcing a claim—an *in personam* action—while leaving intact another—an *in rem* action.

Johnson, 501 U.S. at 78-79.

Here, Star Island Financial holds a Final Judgment in excess of $12 million on the Note and Mortgage, which is undoubtedly an enforceable *in rem* claim against the Debtor's Property under Johnson that is also treated as a secured claim under this Court's ruling in Gerardin. The Debtor has not cited authority to suggest that the *in rem* claim held by Star Island Financial cannot be considered in determining whether the Debtor is eligible for relief under section 109(e) of the Bankruptcy Code. Indeed, the only authority cited by the Debtor at the Hearing, Cavaliere, does not contradict the conclusion that an *in rem* claim for which a debtor has no remaining *in personam* liability can be considered in determining eligibility in the context of a chapter 13 filing. As discussed, the holding in Cavaliere is inapposite and has no relevance in light of the facts before this Court.

In Cavaliere, joint debtors, John and Kathleen Cavaliere, sought relief under chapter 13 after having obtained a discharge of approximately $1.1 million in *in personam* mortgage debt on their primary residence. The chapter 13 trustee sought to dismiss the case as exceeding the limits of eligibility imposed under section 109(e) of the Bankruptcy Code. After conducting a joint hearing on valuation and dismissal, the Bankruptcy Court held that the secured claims against the Cavaliere's residence—for which the Cavaliere's had no remaining *in personam* liability—would be valued as allowed secured claims in the amount of $390,000 pursuant to section 506(a) of the Bankruptcy Court, with all remaining amounts owed on the total mortgage debt being unsecured. Because the Bankruptcy Court found the resulting unsecured debt of

7

approximately $690,000 to exceed the court's jurisdictional limits of eligibility under section 109(e), the case was dismissed.  On appeal, the District Court ruled that the Bankruptcy Court had erred in including the *unsecured* portion of the mortgage debt in calculating the Debtor's eligibility under section 109(e).  See Cavaliere v. Sapir, 208 B.R. 784, 786-87 (D. Conn. 1997). Although this aspect of the decision has itself been criticized,[4] it is important to note that, in Cavaliere, the Bankruptcy Court did consider the secured amount of the *in rem* claim for purposes of section 109(e) and the District Court confirmed the propriety of this approach, stressing that "***all fully and partially secured debt*** . . . ***may indisputably be counted towards the applicable jurisdictional limitations***."  Id. at 787 (emphasis added).

Thus, even if this Court adopted the Debtor's reasoning and the holding in Cavaliere in full, it is clear that, at a minimum, the *in rem* claim held by Star Island Financial—which is in excess of $12 million—will be a secured claim up to at least the value of the Debtor's interest in the Property for purposes of section 109(e) of the Bankruptcy Code.  Here, the Debtor has valued that interest at $12 million under penalty of perjury.  See Debtor's Schedules [Doc. No. 19]. Notwithstanding the foregoing, and the Debtor's own declarations before this Court, it is clear that a valuation is unnecessary under the facts of this case.

Unlike the District Court in Cavaliere, this Court has held that, absent an independent basis for stripping down a surviving *in rem* claim under the Bankruptcy Code, a lien-holder's claim against a chapter 13 debtor (whose *in personam* liability has been discharged) must be treated as fully secured and cannot be stripped down or modified through application of a valuation under section 506(a) and/or (d) absent a basis for doing so "in conjunction with another section of the Bankruptcy Code."  See Gerardin, 447 B.R. at 548.  Here, such modification is expressly prohibited under the Supreme Court's holding in Dewsnup, which unambiguously bars

---

[4]        See In re Scotto-DiClemente, 463 B.R. 308, 312 (Bankr. D. N.J. 2012).

the strip down of Star Island Financial's lien.  See Dewsnup v. Timm, 502 U.S. 410, 417 (1992) ("[T]he creditor's lien stays with the real property until the foreclosure.").

Consistent with the foregoing, this Court rejects the Debtor's suggestion that the surviving *in rem* "claim" held by Star Island Financial is not a "debt" in this proceeding under section 109(e) of the Bankruptcy Code.  As explained herein, the definition of "claim" under the Bankruptcy Code is expansive and undeniably covers obligations beyond those for which the Debtor is liable *in personam*, including the right to foreclose on a debtor's real property.  See Johnson, 501 U.S. at 78-79, 85 (noting that "[a] fair reading of § 102(2) is that a creditor . . . has a claim enforceable only against the debtor's property nonetheless has a 'claim against the debtor' for purposes of the Code"); see also In re Scotto-DiClemente, 463 B.R. 308 (Bankr. D. N.J. 2012) ("[I]t is clear that the equitable rights inherent in an *in rem* claim constitute a 'claim' for purposes of § 101(5)," as such rights include "the right to foreclose out a debtor's right of redemption," and forcing a debtor to "either lose their property or pay the full amount of the *in rem* claim.").  As recently held in the matter of In re Scotto-DiClemente, 463 B.R. 308 (Bankr. D. N.J. 2012), an *in rem* claim against a debtor's property is a valid "debt" in a chapter 13 proceeding, and included in the calculation of eligibility under section 109(e), even if the debtor's *in personam* obligation on that debt has been extinguished.  See id. at 313-14 (holding that wholly unsecured junior mortgage liens survived chapter 7 discharge, would be counted in determining eligibility under section 109(e) of the Bankruptcy Code, and were not disallowed under any provision of the Bankruptcy Code).  "Put simply, if there is a 'claim,' there is a 'debt.'"  See id. at 314 (citing Laws v. United Mo. Bank, N.A., 188 B.R. 263, 267 (W.D. Mo. 1995); In re Morton, 43 B.R. 215, 219-20 (Bankr. E.D.N.Y. 1984); In re Pensignorkay, Inc., 204 B.R. 676, 683 (Bankr. E.D. Pa. 1997); In re Glance, 487 F.3d 317, 320 (6th Cir. 2007)).

Thus, it is clear that (i) the Debtor's prior Chapter 7 Case did not discharge the *in rem* claim on the Note and Mortgage, (ii) the full amount of the *in rem* claim is a secured claim in this proceeding, (iii) the *in rem* claim is a "debt" of the Debtor, and (iv) the Debtor has not cited any provision of the Bankruptcy Code that would allow any portion of the *in rem* claim to be disallowed or discounted for purposes of section 109(e).  See, e.g., In re Scotto-DiClemente, 463 B.R. at 314 n.3 (noting disagreement with Cavaliere, and stressing that "[s]ection 506(a) is not a disallowance provision" and noting that the Cavaliere Court does not explain "how *in rem* claims (which by definition are claims against property), can be viewed as 'unenforceable against the debtor or property of the debtor' so as to be disallowed under § 502(b)."); see also In re Gerardin, 447 B.R. at 548 (prohibiting use of sections 506(a) and (d) to modify a secured claim other than in conjunction with other provisions of the Bankruptcy Code).

Based on the foregoing, the Court finds that Star Island Financial holds an *in rem* claim against the Property that was not subject to discharge, that is not subject to disallowance, and which constitutes a "debt" under section 109(e) of the Bankruptcy Code.  Because this Court concludes that the amount of the foregoing debt exceeds $12 million and, consequently, the eligibility limitations under section 109(e) of the Bankruptcy Code, the case is subject to dismissal regardless of the ultimate value of the Property under section 506(a) of the Bankruptcy Code.

For the reasons stated, the Court concludes the Debtor is not eligible to be a debtor in this proceeding pursuant to section 109(e) of the Bankruptcy Code.  Accordingly, it is

ORDERED AND ADJUDGED that the Motion is GRANTED and the case is DISMISSED.

###

Copies furnished to:

Fernando Menendez, Esq.
Ileana Christianson, Esq.
James Miller, Esq.

Attorney Menendez is directed to serve a copy of this order upon all interested parties
immediately upon receipt of same and shall thereupon file a certificate of service with the Court.